### GIBSON *v.* DONNELLY.

*(Common Pleas of New York City and County, General Term. April 6, 1891.)*

MODIFICATION OF CONTRACT.

    In an action for milk sold and delivered, defendant counter-claimed for damages sustained by reason of plaintiff's failure to deliver at the place agreed. It appeared that defendant received the milk at a substituted locality for five months without objection, and renewed his contract for another year without dissent as to the place of delivery. *Held*, that defendant's course constituted an implied assent to a modification of the agreement, and that the objection that the change in the contract was invalid for want of consideration was not tenable.

Appeal from city court, general term.

Action by Edward B. Gibson against Patrick Donnelly for milk sold and delivered to the defendant between August 15 and October 1, 1888. The defense consisted of several counter-claims. The first was that from November, 1887, to March, 1888, the plaintiff failed to deliver milk at the Harlem River station of the New York, New Haven & Hartford Railroad Company, where it was alleged he agreed to deliver it, and instead delivered it at pier 50, East river, whereby defendant had to pay $69 for extra cartage. The second counter-claim was that during the same period, by reason of the plaintiff's failure to deliver the milk at the place agreed, the defendant lost, in milk spilled, soured, and destroyed, $76.30. Both of these counter-claims were stricken out by the court as not constituting a cause of action against the plaintiff. The third and fourth counter-claims were for shortages and failure

to supply milk.   There was a verdict and judgment for the plaintiff, and the defendant appeals.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*D. Edgar Anthony,* for appellant.   *Charles C. Burlingham,* for respondent.

PRYOR, J.   In respect of counter-claims 3 and 4 it suffices to say that, since it is not apparent that the case contains all the evidence, we are precluded from the inquiry whether the proof was sufficient to sustain the verdict. Upon the evidence as given, however, the determination of the jury is not without adequate support.   The first two counter-claims were rejected by the court as being invalid in point of law, and whether this ruling be tenable is the only question before us.   These counter-claims stood upon a common ground, namely, that the plaintiff had contracted to deliver at a certain place; that instead he delivered at another place; and that by consequence the defendant sustained loss and expense.   But the defendant never objected to this implied modification of the agreement; on the contrary, without a murmur he continued daily to receive the milk at the substituted locality for a period of five months, and even renewed the contract for another year, with a silent acquiescence in its changed conditions.   The court below rightly held the appellant to an implied assent to a modification of the agreement.   His contention that the change in the contract is invalid for want of consideration is plainly untenable.   *Tallman* v. *Earle, ante,* 805, herewith decided.   Judgment affirmed, with costs.   All concur.